For plaintiff: Max Winograd.

For defendant: Robinson & Robinson.

Cecelia M. Wight
vs. } No. 83932.
Harold G. Calder.

Henry G. Wight
vs. } No. 83933.
Harold G. Calder.

April 6, 1931.

CAPOTOSTO, J. These actions by husband and wife are brought against the defendant for injuries caused Mrs. Wight through the alleged negligence of the defendant in the operation of his automobile.

The accident happened about 6:30 in the evening of January 13, 1930, at the intersection of Broad and Whitmarsh Streets in the City of Providence. At the time of the occurrence the plaintiff was crossing Broad Street in the direction of the westerly sidewalk, and the defendant, who had been proceeding north on Broad Street, was making a left hand turn from Broad into Whitmarsh Street. Whether Mrs. Wight was walking straight across Broad Street or diagonally in a northeasterly direction is a matter of dispute. There were only two witnesses to the accident, the plaintiff and the defendant. Mrs. Wight said that al-

though it was "'kind of a dull night," she noticed no mist; Dr. Calder, on the other hand, testified that the ground was wet, and that it was so misty that the only clear vision he had was through the space kept clean by the windshield wiper and a partially open window to his left.

In her testimony, the plaintiff said that the front part of the automobile did not strike her nor did she see the front part of the car at all. The bright headlights were on.

The defendant testified that he had just completed the turn when he felt an impact back of his shoulder, looked out, saw the plaintiff between the rails of the southbound street railway track, and immediately brought his car to a stop some five or six feet from the point of impact. He further stated that the principal injury to the plaintiff, a deep lacerated wound, extending diagonally from the left chest wall to the collar-bone, was undoubtedly inflicted by the handle of the left front door of his car.

The position of the wound and the fact that the plaintiff failed to see the brightly lighted front of the defendant's car lead strongly to the conclusion that at the time of the accident the plaintiff was walking in a diagonal direction across Broad Street with her back partly turned to any traffic going north.

The case was ably tried by both sides. There should be no regret upon any one's part that the record was not encumbered with minute distances and points of the compass which so frequently tend to confuse rather than to assist the jury. The testimony was given in simple language and referred to a location which is well known to the average person.

The evidence raises a square issue of fact. When considered in the light of probability and reasonableness, the circumstances weigh in favor of the defendant on both the issue of due care and of negligence. The jury's verdict, therefore, is proper.

Motion for new trial denied.

For plaintiff: Boss, Shepard & McMahon.

For defendant: Clason, Brereton & Kingsley.